THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

ANTONIO G. FREEMAN

v.                                            Criminal No. 3:08CR456
                                              Civil No. 3:10CV466

UNITED STATES OF AMERICA

**MEMORANDUM OPINION**

Antonio G. Freeman ("Freeman") submitted a motion pursuant to 28 U.S.C. § 2255 attacking his conviction and sentence. The defendant pled guilty to Counts One and Two, the two counts that charged him with Possession with Intent to Distribute 5 Grams or More of Cocaine Base, in violation of 21 U.S. Code § 841, and Counts Three and Four were dismissed. The defendant was properly classified as a Career Offender, and he faced an advisory Guideline range of 188 to 235 months. The Court granted the defense motion for a variance sentence and sentenced the defendant to 120 months. The Section 2255 motion was executed on June 16, 2010 and received and filed by the Clerk until July 7, 2010.[1]

A motion under 28 U.S.C. § 2255 must "specify all the grounds for relief available to the moving party" and "state the facts supporting each ground." Rule 2(b), Rules Governing Section

---

[1] Title 28 U.S.C. § 2255(f) provides in part: "A 1-year period of limitation shall apply to a motion under this section." It appears that the instant motion is timely since Freeman states that it was executed and placed in the prison mailing system on June 16, 2010. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). An unappealed federal criminal judgment becomes final for purposes of Section 2255 when the time for filing a direct appeal expires. *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001). Freeman was sentenced on June 3, 2009 and had, at that time, ten days to appeal. (Federal Rule of Appellate Procedure 4 was amended effective Dec. 1, 2009 to allow fourteen days to appeal in a criminal case.) The ten-day appeal period would have been calculated based on the 2009 version of Federal Rule of Civil Procedure 6 then in effect, which would have excluded intermediate Saturdays, Sundays, and legal holidays. Thus, Freeman's conviction became final on June 17, 2009.

2255 Proceedings for the United States District Courts (2010). The Court may summarily dismiss, without a hearing, a claim that states only "bald legal conclusions with no supporting factual allegations." *Sanders v. United States*, 373 U.S. 1, 19 (1962). Such a dismissal is not on the merits and does not bar the subsequent presentation of an adequately detailed Section 2255 motion. *See id.; Dellenbach v. Hanks*, 76 F.3d 820, 822-23 (7th Cir. 1996).

In his motion, Freeman sets forth two separate grounds[2] for relief, but he does not support either of these grounds with any facts. Rather, he directs the Court to "See Memorandum of Law" with regard to his first ground and to "See Affidavit(s) and Memorandum of Law" with regard to his second ground. However, neither a memorandum of law nor an affidavit was submitted with his motion. Thus, as submitted, Freeman's Section 2255 motion does not state a cognizable basis for habeas relief and is, therefore, subject to summary dismissal. *See Sanders*, 373 U.S. at 19; *Ramirez v. United States*, 461 F. Supp. 2d 439, 441 (E.D. Va. 2006). Such a skeletal Section 2255 motion is inconsistent with the fact pleading requirements of Section 2255 practice and does not stop the statute of limitations applicable to 28 U.S.C. § 2255 motions. *See Payne v. United States*, Nos. 8:99-CR-78-T-27MSS, 8:05-CV-273-T-27MSS, 2007 WL 496608, at *6-7 (M.D. Fla. Feb. 12, 2007) (holding that "[p]etitioner's initial § 2255 motion could not conceivably have entitled her to any relief and to conclude that [it] could serve as a 'placeholder' to which future, more specific and detailed claims could relate back would eviscerate the AEDPA [Antiterrorism and Effective Death Penalty Act of 1996]'s statute of limitations"); *see also Woodford v. Garceau*, 538 U.S. 202, 210 (2003) (concluding that a petition for federal habeas relief is not "pending" until a federal court is

---

[2] Ground One states: "Ineffective Assistance of Counsel," and for supporting facts, it states: "My lawyer provided ineffective assistance of counsel in connection with my plea as well as my sentencing. See Memorandum of Law." Ground Two states: "Breach of the Plea Agreement by the Government," and for supporting facts, it states: "The United States government breached the terms of the plea agreement at sentencing. See Affidavit(s) and Memorandum of Law."

presented with a habeas application placing the merits of the petitioner's claims before the court for adjudication).

Accordingly, Freeman's 28 U.S.C. § 2255 motion will be denied without prejudice, and the present action will be dismissed without prejudice.

An appropriate Order shall issue.


August 5, 2010                                    /s/
DATE                          RICHARD L. WILLIAMS
                              SENIOR UNITED STATES DISTRICT JUDGE